IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARAGARITA A. KOSTKA and MARIO J. KOSTKA, | ) ) ) | CV. NO. 11-00137 DAE-BMK |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BNC MORTGAGE LORN TRUST 2006-2; BNC MORTGAGE, INC.; WELLS FARGO HOME MORTGAGE INC. d/b/a AMERICA'S SERVICING COMPANY; JOHN DOES 1-10; JANE ROES 1-10; DOE CORPORATIONS, PARTNERSHIPS OR OTHER ENTITIES 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS; (2) DISMISSING PLAINTIFFS' CLAIMS FOR TILA RESCISSION AND RECOUPMENT; AND (3) DISMISSING ALL REMAINING CLAIMS WITHOUT PREJUDICE

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.  After reviewing Defendants' Motion and the supporting and opposing memoranda, the Court hereby **GRANTS** Defendants'

Motion to Dismiss, **DISMISSES** Plaintiffs' claims for TILA Rescission and

Recoupment, and **DISMISSES WITHOUT PREJUDICE** all remaining claims.

BACKGROUND

On March 4, 2011, Plaintiffs Margarita A. Kostka and Mario J.

Kostka ("Plaintiffs") filed a Complaint in this Court against Defendants U.S. Bank

National Association, as Trustee for the BNC Mortgage Loan Trust 2006-2 ("US

Bank"), BNC Mortgage Inc. ("BNC"), and Wells Fargo Home Mortgage Inc.,

doing business as America's Servicing Company ("Wells Fargo") (collectively,

"Defendants").  ("Compl.," Doc. # 1.)  The claims in Plaintiffs' Complaint relate to

the mortgage and note entered into for the purchase of real property located at 81-

1071 Keopuka Heights Road, Kealakekua, Hawaii 96750 ("Subject Property").

(Id. ¶ 7.)  The mortgage, which was  recorded in the Bureau of Conveyances on

August 15, 2006, lists BNC as the originating lender on the loan.[1]  (Doc. # 12-3.)

---

[1] The Court takes judicial notice of the mortgage, which is a public document recorded in the Bureau of Conveyances.  See United States v. 14.02 Acres of Land More or Less in Fresno Cnty., 547 F.3d 943, 955 (9th Cir. 2008) ("Although, as a general rule, a district court may not consider materials not originally included in the pleadings in deciding a Rule 12 motion, Fed. R. Civ. P. 12(d), it 'may take judicial notice of matters of public record' and consider them without converting a Rule 12 motion into one for summary judgment." (citing Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001)).

In their Complaint, Plaintiffs allege that when they financed the purchase of the Subject Property, Defendants failed to provide Plaintiffs with the following: (1) initial loan disclosures, (2) a signed and dated good faith estimate, (3) a signed and dated initial and final truth in lending disclosures, (4) a signed and dated servicing transfer disclosure, (5) an adjustable rate booklet within the time required by law, (6) a signed and dated final HUD-1 settlement statement, (7) Gramm, Leach, Bailey Act disclosures concerning Plaintiffs' right of privacy as to further disclosures of confidential or personal financial information, and (8) disclosures of their rights under the Fair and Accurate Credit Transactions Act. (Compl. ¶¶ 8, 17, 21–26.)  Plaintiffs claim that due to the lack of disclosures, Plaintiffs did not understand the true terms of the loan being proposed.  (Id. ¶ 19.) Plaintiffs further allege that US Bank and/or BNC and/or its employees and agents overstated Plaintiffs' income in the loan application and failed to properly qualify Plaintiffs for an affordable loan.  (Id. ¶¶ 15, 27.)  Additionally, Plaintiffs assert that Defendants failed to provide Plaintiffs with a reasonable opportunity to obtain a modification of their note and mortgage.  (Id. ¶ 41.)

Based on those contentions, Plaintiffs allege the following causes of action in their Complaint:

- Count I: Violation of Statutory Duties. (Id. ¶¶ 49–52.)

- <u>Count II</u>: Fraud.  (<u>Id.</u> ¶¶ 53–59.)

- <u>Count III</u>: Mistake.  (<u>Id.</u> ¶¶ 60–61.)

- <u>Count IV</u>: Unconscionability.  (<u>Id.</u> ¶¶ 62–65.)

- <u>Count V</u>: Unfair and Deceptive Acts or Practices.  (<u>Id.</u> ¶¶ 66–69.)

- <u>Count VI</u>: Breach of Fiduciary Duties.  (<u>Id.</u> ¶¶ 70–74.)

- <u>Count VII</u>: Failure to Act in Good Faith.  (<u>Id.</u> ¶¶ 75–80.)

- <u>Count VIII</u>: Injunctive Relief.  (<u>Id.</u> ¶¶ 81–84.)

- <u>Count IX</u>: Recoupment.  (<u>Id.</u> ¶¶ 85–86.)

- <u>Count X</u>: Unjust Enrichment.  (<u>Id.</u> ¶¶ 87–88.)

- <u>Count XI</u>: Negligent and/or Intentional Infliction of Emotional Distress.  (<u>Id.</u> ¶¶ 89–93.)

On August 4, 2011, Defendants filed the instant Motion to Dismiss Plaintiffs' Complaint ("Motion").  (Doc. # 12.)  On September 12, 2011, Plaintiffs filed a Memorandum in Opposition to the Motion.  (Doc. # 23.)  On September 19, 2011, Defendants filed a Reply in support of its Motion.  (Doc. # 25.)

<u>STANDARD OF REVIEW</u>

I.   <u>Federal Rule of Civil Procedure 12(b)(6)</u>

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a

4

claim upon which relief can be granted.  Review is limited to the contents of the complaint and matters properly subject to judicial notice.  See Colony Cove Properties, LLC v. City of Carson, 640 F.3d 948, 955 (9th Cir. 2011).  A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted).  Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff.  See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action.  See id. at 556–57; see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted).  "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations

and citations omitted).  Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth."  Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief.  See Twombly, 550 U.S. at 570.  A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief.  Id. at 586. When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court."  Id. at 558 (citation omitted).  If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect") (internal quotations and citations omitted).

II.    Federal Rule of Civil Procedure 8

Federal Rule of Civil Procedure 8 mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that each allegation "be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed sua sponte for failure to satisfy Rule 8.  Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969); see also McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . , prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with [Rule 8] may be dismissed with prejudice[.]").

Put slightly differently, a complaint may be dismissed for failure to comply with Rule 8 where it fails to provide the defendants fair notice of the wrongs they have allegedly committed.  See McHenry, 84 F.3d at 1178–80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide

7

discovery"); cf. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1105 n.4

(9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint

provide[d] fair notice of the wrongs allegedly committed by defendants and [did]

not qualify as overly verbose, confusing, or rambling").  Rule 8 requires more than

"the-defendant-unlawfully-harmed-me accusation[s]." Ashcroft v. Iqbal, 129 S. Ct.

1937, 1949 (2009) (internal quotations omitted).  Further, "[a] pleading that offers

labels and conclusions or a formulaic recitation of the elements of a cause of action

will not do." Id. (internal quotations omitted). "Nor does a complaint suffice if it

tenders naked assertions devoid of further factual enhancement." Id. (internal

quotations omitted).  "The propriety of dismissal for failure to comply with Rule 8

does not depend on whether the complaint is wholly without merit." McHenry, 84

F.3d at 1179.

  The court may "begin by identifying pleadings that, because they are

no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129

S. Ct. at 1950.  Legal conclusions must be supported by factual allegations. Id.

"When there are well-pleaded factual allegations, a court should assume their

veracity and then determine whether they plausibly give rise to an entitlement to

relief." Id.

III.    <u>Federal Rule of Civil Procedure 9(b)</u>

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under Ninth Circuit law, "Rule 9(b) requires particularized allegations of the circumstances <u>constituting</u> fraud." <u>In re GlenFed, Inc. Sec. Litig.</u>, 42 F.3d 1541, 1547–48 (9th Cir. 1994) (en banc), <u>superseded on other grounds by</u> 15 U.S.C. § 78u-4.

In their pleadings, plaintiffs must include the time, place, and nature of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to satisfy this requirement. <u>Id.</u> at 1548 (quoting <u>Moore v. Kayport Package Express, Inc.</u>, 885 F.2d 531, 540 (9th Cir. 1989)). "[T]he circumstances constituting the alleged fraud [must] 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting <u>Bly-Magee v. California</u>, 236 F.3d 1014, 1019 (9th Cir. 2001)); <u>see also</u> <u>Moore</u>, 885 F.2d at 540 (finding that Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); <u>see also</u> <u>In re GlenFed, Inc. Sec.</u>

Litig., 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); Walling v. Beverly Enter., 476 F.2d 393, 397 (9th Cir. 1973) (finding that Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations" (citations omitted)).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim.  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).  In considering a motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

DISCUSSION

I.      Count I: Violation of Statutory Duties

In Count I of their Complaint, Plaintiffs allege that Defendants violated "various statutory duties pursuant to the Real Estate Settlement Procedures Act (12 USC 2601 et seq.), the Equal Credit Opportunity Act (Reg. B, 12 CFR 202), [] the Fair Credit Reporting Act (15 USC 1681), and the Truth in Lending Act (12 CFR Sec. 226.23(h) et alia[]] . . . .  (Compl. ¶ 50.)  Based on these alleged

10

violations, Plaintiffs claim they are entitled to "various remedies, including, but not limited to, rescission, reimbursement, equitable recoupment, indemnification, damages, and injunctive relief.  (Id. ¶ 52.)

As a preliminary matter, the Court finds that the vague and conclusory allegations in Count I are wholly insufficient to state a cause of action under any statute.  Plaintiffs merely list off the various statutes that were allegedly violated and assert that "[t]he wrongful acts and/or omissions of defendant or one or more of them were a substantial factor and/or proximate cause of KOSTKA suffering various injuries and damages."  This is precisely the kind of "the-defendant-unlawfully-harmed-me" accusation that the Supreme Court has found insufficient to satisfy the pleading requirements of Rule 8.  Iqbal, 129 S. Ct. at 1949.

Although the "Background" section of Plaintiffs' Complaint provides a laundry list of purported wrongdoings allegedly committed by Defendants, Count I fails to identify which of these purported wrongdoings provide the basis for each of the statutory violations stated in Count I.  Indeed, Count I is completely devoid of any specific factual allegations demonstrating an entitlement to relief.  Plaintiffs also fail to identify the specific provision of each of the aforementioned statutes that were allegedly violated by Defendants.  In other words, the allegations in Count I do not provide Defendants with fair notice of the claims asserted against

11

them or the grounds upon which those claims rest.  See McHenry, 84 F.3d at

1178–80 (affirming dismissal of complaint where "one cannot determine from the

complaint who is being sued, for what relief, and on what theory, with enough

detail to guide discovery").  Accordingly, the Court concludes that the allegations

in Count I are insufficient to survive the instant motion to dismiss.  See id.;

Twombly, 550 U.S. at 555.

Additionally, Defendants correctly assert that Plaintiffs' claims under

the Real Estate settlement Procedures Act ("RESPA"), the Equal Credit

Opportunity Act ("ECOA"), and the Truth In Lending Act ("TILA") are barred by

the applicable statutes of limitations.

A.      RESPA Claim

RESPA imposes either a one-year or a three-year statute of limitations

depending on the violation alleged. 12 U.S.C. § 2614 (proscribing a one-year

statute of limitations for violations of Sections 2607 and 2608 and a three-year

statute of limitations for violations of Section 2605).  "Equitable tolling may be

applied if, despite all due diligence, a plaintiff is unable to obtain vital information

bearing on the existence of his claim."  Santa Maria v. Pac. Bell, 202 F.3d 1170,

1178 (9th Cir. 2000); see also O'Donnell v. Vencor, Inc., 465 F.3d 1063, 1068 (9th

Cir. 2006)  ("Equitable tolling is generally applied in situations 'where the

claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.' " (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990))).

Here, Plaintiffs' alleged RESPA claim appears to arise out of the loan origination, which occurred more than three years before Plaintiffs filed the instant action.  (Doc. # 12-3 at 2.)  Therefore, Plaintiffs' RESPA claim is barred by the statute of limitations unless equitable tolling applies.  However, Plaintiffs have not demonstrated a basis for equitable tolling of their claims.  To be sure, Plaintiffs do not even assert in their Complaint that the statute of limitations should be tolled, let alone allege specific facts demonstrating that Plaintiffs could not have discovered the alleged RESPA violation with due diligence.  See Santa Maria, 202 F.3d at 1178.  Therefore, the Court concludes that the Complaint fails to state a claim under RESPA.

B.    ECOA Claim

Under ECOA, "[e]ach creditor shall promptly furnish an applicant, upon written request by the applicant made within a reasonable period of time of the application, a copy of the appraisal report used in connection with the applicant's application for a loan that is or would have been secured by a lien on

13

residential real property." 15 U.S.C. § 1691(e).  A claim for violation of ECOA must be brought no later than two years "from the date of occurrence of the violation," 15 U.S.C. § 1691e(f), but equitable tolling may apply under certain circumstances.  See Hafiz v. Greenpoint Mortg. Funding, Inc., 652 F. Supp. 2d 1039, 1045 (N.D. Cal. 2009).

Here, Plaintiffs applied for the loan in or around August 2006, which is well over two years before Plaintiffs filed the instant action.  (Doc. # 12-1.) Plaintiffs' ECOA claim is therefore time-barred.  Moreover, as set forth above, Plaintiffs have not demonstrated any basis for equitable tolling of their claims.

C.      TILA Rescission Claim

Section 1635(a), TILA's so-called "buyer's remorse" provision, gives borrowers three business days to rescind a loan agreement without penalty.  Semar v. Platte Valley Fed. Sav. & Loan Ass'n, 791 F.2d 699, 701 (9th Cir. 1986) (citing 15 U.S.C. § 1635(a)).  To invoke this provision, the loan must be a consumer loan using the borrower's principal dwelling as security.  15 U.S.C. § 1635(a).  If the lender fails to deliver certain forms or disclose important terms accurately, Section 1635(f) gives the borrower the right to rescind until "three years after the consummation of the transaction or . . . the sale of the property, whichever occurs first."  15 U.S.C. § 1635(f); see also King v. California, 784 F.2d 910, 913 (9th Cir.

1986).  A borrower's right to rescind extends for three years if a lender fails to

disclose the right to rescind or fails to make any other "material disclosure."  12

C.F.R. § 226.23(a)(3); 15 U.S.C. § 1605(u) (indicating that the material disclosures

include the annual percentage rate, the finance charge, the amount financed, the

total of payments, and the payment schedule).

  Here, Plaintiffs consummated their loan on August 3, 2006.  <u>See</u>

<u>Jackson v. Grant</u>, 890 F.2d 118, 121 (9th Cir. 1989) (holding that for TILA

purposes, "the transaction is consummated when the lender and borrower <u>sign</u> a

contract obligating them, respectively, to lend and to borrow the funds" (emphasis

added)).  Plaintiffs did not initiate this action until March 4, 2011, more than three

years after the loan transaction was consummated.  Plaintiffs' claim for rescission

pursuant to the alleged TILA violation is therefore barred by the statute of

limitations.  Moreover, equitable tolling does not apply to claims for rescission

under TILA.  <u>Beach v. Ocwen Fed. Bank</u>, 523 U.S. 410, 412 (1998) (holding that

"§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year

period"); <u>see also</u> <u>Miguel v. Country Funding Corp.</u>, 309 F.3d 1161, 1164 (9th Cir.

2002) (citing <u>Beach</u> and holding that "§ 1635(f) is a statute of repose, depriving the

courts of subject matter jurisdiction when a § 1635 claim is brought outside the

three-year limitation period"); <u>see also</u> <u>King</u>, 784 F.2d at 913 (characterizing

Section 1635(f) as a "three-year absolute limitation" on Section 1635 rescission actions).   Therefore, Plaintiffs' TILA rescission claim cannot be cured by amendment.

D.   TILA Damages Claim

In addition to rescission, TILA authorizes civil liability in the form of actual damages, statutory damages, costs, and attorneys' fees.  15 U.S.C. § 1640. Pursuant to Section 1640(e), there is a one-year statute of limitations for civil liability claims under TILA.  Id. § 1640(e).  The limitations period generally runs from the date of consummation of the transaction.  King, 784 F.2d at 915. Equitable tolling may suspend the limitations period "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action."  King, 784 F.2d at 915.   However, when a plaintiff fails to allege facts demonstrating that the plaintiff could not have discovered the purported TILA violation with reasonable diligence, dismissal is appropriate and equitable tolling will not apply.  See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (refusing to apply equitable tolling for failure to make required disclosures under TILA when the plaintiff was in full possession of all loan documents and did not allege fraudulent concealment or any other action that would have prevented discovery of the violation); Hubbard v. Fidelity Fed. Bank,

91 F.3d 75, 79 (9th Cir. 1996) (holding that the plaintiff was not entitled to equitable tolling of her TILA claim because "nothing prevented [the plaintiff] from comparing the loan contract, Fidelity's initial disclosures, and TILA's statutory and regulatory requirements").

      As stated above, Plaintiffs entered into the loan transaction on August 3, 2006, and initiated the present lawsuit on March 4, 2011.  Since more than one year elapsed between the consummation of the loan and the filing of the instant action, Plaintiffs' TILA damages claim is barred by the statute of limitation. Moreover, as discussed above, Plaintiffs have failed to allege any facts to demonstrate that equitable tolling applies.

      Accordingly, for all the reasons set forth above, the Court **DISMISSES** Count I of the Complaint.

## II.   Count II and III: Fraud and Mistake

      In Count II of Plaintiffs' Complaint, which is entitled "Fraud," Plaintiffs allege that Defendants:

> breached their duties my misrepresenting and/or concealing material facts, such as the misstatement of [Plaintiffs'] income, the failure of defendant or one or more of them to follow reasonable underwriting guidelines to qualify [Plaintiffs] for a loan, properly disclose the true terms of the loan, properly disclose the true amount of interest Plaintiffs would have to pay over the life of the loan, that property values were declining and would likely continue to do so in the

foreseeable future, that they were likely to exhaust their savings and then not be able to pay the subject note, had a high likelihood of defaulting on the note, that there would not be sufficient equity in the Property if they tried to refinance.

(Compl. ¶ 55.)  Count III of the Complaint, titled "Mistake," argues in the alternative that if the above mentioned acts and/or omissions were not fraudulent, then "the transaction was entered into based upon mutual mistake which entitles [Plaintiffs] to rescission of the note and mortgage and/or reimbursement of all monies that were paid . . . ."  (Id. ¶ 61.)

The Court finds that these allegations are entirely insufficient to satisfy the more rigorous pleading requirements of Rule 9 that apply to allegations of fraud or mistake.  See F. R. Civ. P. 9(b) (requiring a party to state with particularity the circumstances constituting fraud or mistake); see also Cafasso, U.S. ex rel. V. Gen. Dynamics C4 Sys.,Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) ("To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." (internal quotation marks and citations omitted)).  Specifically, Plaintiffs do not provide the time or place of any alleged fraud, nor do Plaintiffs specify the role that each Defendant played in the alleged misconduct.  With respect to the allegedly false statement, Plaintiffs do

not explain who made the false statement, when and where the statement was made, and why any such statement was false.  Furthermore, the allegation in Count III that "the transaction was entered into based upon mutual mistake" is nothing more than a legal conclusion, which this court is not bound to accept as true for purposes of ruling on a motion to dismiss.  See Iqbal, 129 S. Ct. at 1949.  Indeed, Plaintiffs do not even attempt to provide the circumstances constituting mistake, much less describe such circumstances with particularity as required by Rule 9. See F. R. Civ. P. 9(b).

Accordingly, the Court **DISMISSES** Counts II and III of the Complaint.

III.    Count IV: Unconscionability

In Count IV of the Complaint, Plaintiffs allege that as a result of Defendants' failure to make proper and timely disclosures and properly qualify [Plaintiffs] for a loan, and in light of Defendants' superior bargaining power over Plaintiffs, "the terms and conditions of the note and mortgage are unconscionable." (Compl. ¶¶ 63–65.)  According to the Hawaii Supreme Court, unconscionability is a cause of action asserted to prevent the enforcement of a contract where "the clauses are so one-sided as to be unconscionable under the circumstances existing

at the time of the making of the contract . . . ."  <u>Lewis v. Lewis</u>, 748 P.2d 1362,

1366 (Haw. 1988) (citations omitted).

Here, Plaintiffs merely provide the unsubstantiated allegation that "the

terms and conditions of the note and mortgage are unconscionable."  This is wholly

insufficient to satisfy the pleading requirements of Rule 8.  <u>See</u> <u>Iqbal</u>, 129 S. Ct. at

1949 (stating that a complaint that "tenders naked assertions devoid of further

factual enhancement" is insufficient to satisfy Rule 8).  Plaintiffs do not identify

the specific terms or conditions alleged to unconscionable, nor do they explain how

or why those terms and conditions are so one-sided as to be unconscionable.  The

bald assertion that the note and mortgage are unconscionable is not sufficient to

state a claim for relief.  <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949 ("[a] pleading that offers

labels and conclusions or a formulaic recitation of the elements of a cause of action

will not do").  For this reason, the Court **DISMISSES** Count IV of the Complaint.

IV.    <u>Count V: Unfair and Deceptive Acts or Practices</u>

In Count V of the Complaint, Plaintiffs incorporate by reference every

paragraph of the Complaint leading up to Count V and then allege that "[t]he

aforementioned wrongful acts and/or omissions of defendant or one or more of

them constitute unfair and deceptive acts and practices in the conduct of business

in violation of federal (15 USC Sec. 1802 et seq.) and state laws (HRS Sec. 480-2

and 480-13)."  (Compl.  ¶¶ 66–67.)

    The federal statute cited by Plaintiffs, 15 U.S.C. § 1802 et. seq., is

found in the chapter of the United States Code governing newspaper preservation.

Thus, it appears that Plaintiffs cited this statute in error.  To the extent that this

statute was not cited in error, Plaintiffs have not pled sufficient facts to explain the

statute's relevance to the instant action.

    With respect to the alleged state law violations, section 480-2(a) of the

Hawaii Revised Statutes provides that "[u]nfair methods of competition and unfair

or deceptive acts or practices in the conduct of any trade or commerce is unlawful."

HRS § 480-2(a).  A practice is unfair when it "offends established public policy

and when the practice is immoral, unethical, oppressive, unscrupulous or

substantially injurious to consumers."  Balthazar v. Verizon Hawaii, Inc., 123 P.3d

194, 202 (Hawaii 2005).  Section 480-13 of the Hawaii Revised Statutes

"establishes four essential elements: (1) a violation of chapter 480; (2) injury to

plaintiff's business or property resulting from such violation; (3) proof of the

amount of damages; and (4) a showing that the action is in the public interest or

that the defendant is a merchant."  Davis v. Four Seasons Hotel Ltd., 228 P.3d 303,

335 (Hawaii 2010).

Here, Plaintiffs once again provide nothing more than general legal conclusions.  Plaintiffs do not identify which wrongful acts or omissions allegedly constitute unfair or deceptive practices, nor do they state who engaged in such practices.  There is also no explanation as to how or why Defendants' alleged misconduct "offends established public policy" or is "immoral, unethical, oppressive, unscrupulous or substantially injurious."  <u>Balthazare</u>, 123 P.3d at 202.  To be sure, merely incorporating by reference the first 65 paragraphs of the complaint cannot be said to provide Defendants with fair notice of the factual premise of Plaintiffs' UDAP claim.  <u>See</u> <u>McHenry</u>, 84 F.3d at 1178–80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").  Accordingly, the Court **DISMISSES** Count V of the Complaint.

V.    <u>Count VI: Breach of Fiduciary Duties</u>

In Count VI of the Complaint, Plaintiffs allege that Defendants breached their fiduciary duties to Plaintiffs by engaging in various wrongful acts and omissions.  (Compl. ¶¶ 72–73.)  Generally there exists no fiduciary duty between borrowers and lenders.  Unless a special relationship exists between a borrower and lender that elevates the lender's responsibility, the standard "arms-length business relationship" applies.  <u>Giles v. General Motors Acceptance</u>

22

Corp., 494 F.3d 865, 883 (9th Cir. 2007); see also Pension Trust Fund for

Operation Engineers v. Federal Ins. Co., 307 F.3d 944, 954 (9th Cir. 2002).

In the instant Complaint, Plaintiffs make no allegations suggesting

that their relationship with Defendants is anything other than an ordinary, arms-

length, lender-borrower relationship.  The bald allegation that Defendants

"breached their fiduciary duties to [Plaintifffs]," without more, is conclusory and

wholly insufficient to establish the existence of a fiduciary duty.  Therefore, the

Court **DISMISSES** Count VI of the Complaint.

## VI.    Count VII: Failure to Act in Good Faith

In Count VII of the Complaint, Plaintiffs allege that Defendants failed

to deal with Plaintiffs in good faith and in a fair manner by, inter alia, making

various misrepresentations of material fact and/or omissions of material fact, not

making various mandatory disclosures, and misleading Plaintiffs into believing

that they needed to refinance their loan and/or needed a second mortgage to

consolidate debts.  (Compl. ¶ 77.)  Plaintiffs further allege that Defendants failed to

deal with Plaintiffs in good faith by not negotiating a loan modification on fair and

reasonable terms, leading Plaintiffs to believe that they would be allowed to

modify the terms of their loan, and by still processing a foreclosure.  (Id. ¶ 78.)

This claim, in essence, asserts the tort of "bad faith."  <u>See</u> <u>Best Place</u> <u>v. Penn Am. Ins. Co.</u>, 920 P.2d 334, 342 (Haw. 1996) (adopting tort of bad faith for breach of implied covenant of good faith and fair dealing in an insurance contract).  Although bad faith is an accepted tort when a plaintiff is a party to an insurance contract, the tort has not been recognized in Hawaii based on a mortgage loan contract.  To the contrary, the Supreme Court has refused to extend the tort to a claim of a breach of an employment contract and, in so doing, used language indicating that it would be unlikely to extend it to a breach of a mortgage loan contract.  <u>See</u> <u>Francis v. Lee Enterprises, Inc.</u>, 971 P.2d 707, 711 (1999) ("[o]ther jurisdictions recognizing the tort of bad faith ... limit such claims to the insurance context or situations involving special relationships characterized by elements of fiduciary responsibility, public interest, and adhesion.")

Importantly, even assuming a bad faith tort were cognizable outside the insurance context, it is well-settled that a party cannot breach the covenant of good faith and fair dealing before a contract is formed.  <u>See</u> <u>Indep. Order of Foresters v. Donald, Lufkin & Jenrette, Inc.</u>, 157 F.3d 933, 941 (2d Cir. 1998) ("[A]n implied covenant relates only to the performance under an extant contract, and not to any pre-contract conduct.").  Hawaii follows this distinction.  <u>See Young v. Allstate Ins. Co.</u>, 198 P.3d 666, 690 (Haw. 2008) (indicating the covenant of

24

good faith does not extend to activities occurring before consummation of an

insurance contract).

Here, since the Complaint fails to allege any "special relationship

characterized by elements of fiduciary responsibility, public interest, and

adhesion," the Court finds that Plaintiffs have failed to state a claim for bad faith.

See Francis, 971 P.2d at 711.  Additionally, the allegations in Count VII regarding

pre-contract activities (making material misrepresentations, failing to disclose

certain terms and conditions, or making an improper loan to Plaintiffs) cannot form

the basis of a claim for bad faith.  See id.; see also Larson v. Homecomings Fin.,

LLC, 680 F. Supp. 2d 1230, 1237 (D. Nev. 2009) ("Because Plaintiffs' claim

revolves entirely around alleged misrepresentations made before the [mortgage

loan] contract was entered into, [the bad faith claim] fails as a matter of law.")

Further, to the extent Plaintiffs are attempting to assert bad faith in the performance

of a contractual right to foreclose, "a court should not conclude that a foreclosure

conducted in accordance with the terms of a deed of trust constitutes a breach of

the implied covenant of good faith and fair dealing."  Davenport v. Litton Loan

Servicing, LP, 725 F. Supp. 2d 862, 884 (N.D. Cal. 2010) (citation omitted).  "The

covenant [of good faith] does not impose any affirmative duty of

moderation in the enforcement of legal rights." Id. (internal quotation and citation omitted).

Moreover, Plaintiffs have not pled this Count with sufficient particularity to satisfy the Rule 8 pleading requirements.  Plaintiffs do not provide an explanation as to how or why any of the alleged wrongdoings by Defendants constitute a breach of the implied covenant of good faith and fair dealing.  Stated simply, Plaintiffs fail to set forth any factual predicate to support this claim.

Accordingly, the Court **DISMISSES** Count VII of the Complaint.

VII.   Count VIII: Injunctive Relief

In Count VIII of the Complaint, Plaintiffs assert a claim for injunctive relief to prevent Defendants from foreclosing on the Subject Property.  (Compl. ¶ 82.)  Plaintiffs' request for injunctive relief appears to be a request for relief derivative of their other claims and not a stand-alone claim.  Because the Court finds that all of Plaintiffs' claims should be dismissed, and because Plaintiffs fail to allege any facts showing that they are entitled to this equitable remedy, the Court finds that Plaintiffs' claim for injunctive relief should be dismissed as well.  Accordingly, the Court **DISMISSES** Count VIII of the Complaint.

VIII.   Count IX: Recoupment

In Count IX of the Complaint, Plaintiffs bring a claim for recoupment, alleging that "[a]s a result of the various wrongful acts/or omission . . . [Plaintiffs are] entitled to equitable recoupment of all monies paid by them with regard to the subject loan transaction . . . ."  (Compl. ¶ 86.)

The Court concludes that Plaintiffs' claim is conclusory and fails to provide the Court with any facts explaining the predicate or basis for Plaintiffs' alleged entitlement to recoupment.  To the extent that Count IX is based on TILA, recoupment  is only available under TILA as a "defense" in "an action to collect a debt", 15 U.S.C. § 1640(e), and a non-judicial foreclosure is not "an action to collect a debt."   Rey v. Countrywide Home Loans, Inc., Civil No. 11–00142, 2011 WL 2160679 at *13 (D. Hawaii June 1, 2011).  To the extent that Count IX is based on equitable recoupment, that is a defense, not an affirmative claim for relief.  Id. (citing City of Saint Paul, Alaska v. Evans, 344 F.3d 1029, 1034 (9th Cir. 2003) ("[E]quitable recoupment has been allowed by state courts as well, but it has always been recognized as a defense, not a claim.")).  Thus, no amendment can cure the defect in Plaintiffs' recoupment claim.  Count IX is therefore **DISMISSED WITH PREJUDICE**.

IX.    Count X: Unjust Enrichment

Plaintiffs next allege that they are entitled to unjust enrichment because Defendants have been unjustly enriched as a result of the various wrongful acts and/or omissions made by Defendants.  (Compl. ¶ 88.)

To prevail on an unjust enrichment claim, a plaintiff must show that: 1) it has conferred a benefit upon the defendant, and 2) that the retention of the benefit was unjust. Wadsworth v. KSL Grant Wailea Resort, Inc., ⸺ F. Supp. 2d ⸺, No. 08–00527, 2010 WL 5146521, at *11 (D. Haw. December 10, 2010).  As a general rule, "[a]n action for unjust enrichment cannot lie in the face of an express contract." Porter v. Hu, 169 P.3d 994 (Haw. App. 2007); see also Goodwin v. Executive Trustee Servs., LLC, 680 F. Supp. 2d 1244, 1255 (D. Nev. 2010) ("An action 'based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement.'" (quoting Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975, 942 P.2d 182, 187 (Nev. 1997))); MacDonald v. Hayner, 715 P.2d 519, 522 (Wash. App.1986) ("A party to a valid express contract is bound by the provisions of that contract, and may not disregard the same and bring an action on an implied contract relating to the same matter, in contravention of the express contract.")

Here, both the note and the mortgage were express agreements that Plaintiffs executed in connection with their loan, which govern the parties' rights and obligations.  Plaintiffs therefore cannot pursue an unjust enrichment claim.  Accordingly, the Court **DISMISSES** Count X of the Complaint.

X.   Count XI: Negligent and/or Intentional Infliction of Emotional Distress

Count XI of the Complaint alleges claims for negligent infliction of emotional distress ("NIED") and/or intentional infliction of emotional distress ("IIED").  (Compl. ¶¶ 89–93.)  Specifically, Plaintiffs claim that Defendants "caus[ed Plaintiffs] to suffer severe mental and emotional distress, by misleading them, entering into a loan they were not properly qualified for, in causing them to lose their savings, by giving them false hope they were qualified for a loan modification, that they would be allowed loan assistance or modification on reasonable terms that would allow [Plaintiffs] to keep their interest in the Property, among other things."  (Id. ¶ 91.)

A plaintiff may recover for NIED "where a reasonable [person], normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case."  Doe Parents No. 1 v. State, 58 P.3d 545, 580 (Haw. 2002) (citations and quotations omitted).  An NIED claim "is nothing more than a negligence claim in which the alleged actual injury is wholly

29

psychic and is analyzed utilizing ordinary negligence principles." Id. (citations and quotations omitted).  To maintain a NIED claim, the Hawaii Supreme Court has held that a person must allege "some predicate injury either to property or to another person in order himself or herself to recover for negligently inflicted emotional distress." Id. at 580 (citations omitted); see also Kaho'ohanohano v. Dep't of Human Servs., 178 P.3d 538, 582–83 (Haw. 2008).  As such, "an NIED claimant must establish, incident to his or her burden of proving actual injury (i.e., the fourth element of a generic negligence claim), that someone was physically injured by the defendant's conduct, be it the plaintiff himself or herself or someone else." Doe Parents, 58 P.3d at 580–81 (citations omitted).

"Under Hawaii law, the elements of IIED are '(1) that the act allegedly causing the harm was intentional or reckless, (2) that the act was outrageous, and (3) that the act caused (4) extreme emotional distress to another.'" Enoka v. AIG Haw. Ins. Co., 128 P.3d 850, 872 (Haw. 2006) (quoting Hac v. Univ. of Haw., 73 P.3d 46, 60–61 (Haw. 2003)).  The Hawaii Supreme Court defines the term outrageous as conduct "'without just cause or excuse and beyond all bounds of decency.'" Enoka, 128 P.3d at 872 (quoting Lee v. Aiu, 936 P.2d 655, 670 n.12 (Haw. 1997)).  "Moreover, 'extreme emotional distress' constitutes,

inter alia, mental suffering, mental anguish, nervous shock, and other 'highly unpleasant mental reactions.'" Id. (quoting Hac, 73 P.3d at 60).

Here, Plaintiffs have not alleged a predicate injury or threat of immediate injury either to themselves or to someone else.  Plaintiffs also fail to allege any specific facts to support an inference that Defendants acted in an intentional or reckless manner or that they engaged in outrageous conduct. Furthermore, Plaintiffs' assertion that Defendants caused them to suffer severe mental and emotional distress is a legal conclusion, not entitled to be assumed true when ruling on a motion to dismiss. See Iqbal, 129 S. Ct. at 1949.  The formulaic recitation of the elements of the claim, conclusory allegations, and generalized facts set forth in Count XI are not sufficient to survive a motion to dismiss. See Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555–56.

Accordingly, the Court **DISMISSES** Count XI of the Complaint.

XI.    Leave to Amend

Pursuant to Rule 15(a)(2), courts should "freely give leave [to amend] when justice so requires."  Further, "requests for leave should be granted with extreme liberality."  Moss v. U.S. Secret Service, 572 F.3d 962, 792 (9th Cir. 2009).  "Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by an amendment."  Id.  "However, 'liberality in

granting leave to amend is subject to several limitations.'" Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1058 (9th Cir. 2011) (quoting Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)). "Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." Id. (citing Ascon Props., 866 F.2d at 1160). "Further, '[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.'" Id. (quoting Ascon Props., 866 F.2d at 1160).

The Court recognizes that it may be possible for Plaintiffs to state a claim if provided the opportunity to amend his Complaint. However, as discussed above, Plaintiffs' claims for TILA rescission claim and recoupment cannot be cured by amendment. Those claims are therefore **DISMISSED**. The remainder of Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE** as against all Defendants in this action with leave to amend. Plaintiffs are granted leave to amend no later than thirty (30) days from the filing of this Order. Failure to do so and to cure the pleading deficiencies will result in dismissal of this action with prejudice. Plaintiffs are advised that the amended complaint must clearly identify the specific causes of action alleged and the factual allegations upon which those claims are based.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants'

Motion to Dismiss, **DISMISSES** Plaintiffs' claims for TILA Rescission and

Recoupment, and **DISMISSES WITHOUT PREJUDICE** all remaining claims.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 1, 2011.

_____
David Alan Ezra
United States District Judge

Kostka, et al. v. US Bank National Association, et al., CV No. 11-00137 DAE-
BMK; ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS; (2)
DISMISSING PLAINTIFFS' CLAIMS FOR TILA RESCISSION AND
RECOUPMENT; AND (3) DISMISSING ALL REMAINING CLAIMS
WITHOUT PREJUDICE